UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00216-FDW-DSC

| | |
|---|---|
| PGI POLYMER, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) ORDER |
| GREENBRIER INTERNATIONAL, INC., and DOLLAR TREE STORES, INC., | ) ) ) |
| Defendants. | ) ) ) |

THIS MATTER is before the Court on several pending motions: (1) Plaintiff's Motion to Dismiss (Doc. No. 23); (2) Plaintiff's Motion to Dismiss (Doc. No. 36); (3) Defendants' Motion for Leave to File Their Second Amended Answer and Counterclaims (Doc. No. 39); and (4) Defendants' Motion to Stay the deadlines to respond to Plaintiff's Motion to Dismiss (Doc. No. 41).

Because resolution of the Motion to Amend is dispositive to the other three pending motions, the Court will address that motion first. In addition to allowing a party to amend its pleadings once as a matter of course, the Federal Rules of Civil Procedure ("FRCP") allow a party to amend its pleading with the opposing party's written consent or with the court's leave. See Fed. R. Civ. P. 15(a)(2). Under FRCP 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corporation v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District

Court." Pittston Co. v. United States, 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182)).

Although Plaintiff has not yet responded to Defendants' Motion to Amend, the Court has reviewed the motion and supporting memorandum and finds that a response would not aid the Court in deciding this motion. Pursuant to Rule 15 of the Federal Rules of Civil Procedure and other applicable case law, the Court finds that Defendants' proposed amendments are made in good faith and are not futile. Moreover, although Plaintiff will be prejudiced by having to defend against new counterclaims, such prejudice is mitigated by the fact this motion to amend is made early in the case, prior to the deadline to amend the pleadings in the Case Management Order (Doc. No. 31, p. 6) and prior to resolution of Plaintiff's pending motions to dismiss. Accordingly, the Motion to Amend is GRANTED.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("[t]he general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motion to dismiss was rendered moot by the filing of plaintiff's second amended complaint); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint); see also Brown v. Sikora and Associates, Inc., 2008 WL 1751934, *3 (4th Cir. 2008); Atlantic Skanska, Inc., 2007 WL 3224985, *4 (W.D.N.C. 2007); Hi-Tech, Inc. v. Rising, 2006 WL 1966663, *3 (W.D.N.C. July 11, 2006). In light of this rule, Plaintiff's pending motions to dismiss are hereby DENIED AS MOOT without prejudice to Plaintiff's right to reassert these arguments

in response to the amended pleading or at summary judgment. Accordingly, Defendants' Motion to Stay is also DENIED AS MOOT.

IT IS THEREFORE ORDERED that (1) Defendants' Motion to Amend (Doc. No. 39) is GRANTED; (2) Plaintiff's Motions to Dismiss (Docs. Nos. 23, 36) are DENIED AS MOOT; and (3) Defendants' Motion to Stay is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: September 28, 2015

Frank D. Whitney
Chief United States District Judge